UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW CHARLES SCHRADER,

        Plaintiff,                                No. 19-11663

v.                                          Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [30]**

The matter is before the Court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 30.) Defendant opposes the motion. (ECF No. 31.) Plaintiff did not file a reply. The Court finds the facts and legal arguments adequately presented in the motion and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiff's motion will be resolved without oral argument. For the reasons set forth below, the Court DENIES Plaintiff's motion for attorney fees.

**I.**     **Background**

On May 2, 2018, the administrative law judge ("ALJ") issued a decision denying Plaintiff's applications for disability insurance benefits and supplemental security income. (ECF No. 12-2, PageID.65-81.) On January 24, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner of Social Security's final decision for purposes of appeal. (*Id.* at PageID.49-53.) On June 5, 2019, Plaintiff filed this action seeking judicial review of that decision. (ECF No. 1.) In his motion

1

for summary judgment, Plaintiff raised several arguments regarding the ALJ's decision and also argued that the ALJ who presided over his hearing was not constitutionally appointed based on *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018), which held that ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the Appointments Clause of the Constitution.  (ECF No. 15.)  In Defendant's cross-motion for summary judgment, Defendant argued Plaintiff's Appointments Clause challenge was forfeited because it was not presented to the agency in the administrative process.  (ECF No. 18.)  In so doing, Defendant noted that in *Lucia*, the Supreme Court had stated that "one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief."  *See Lucia*, 138 S. Ct. at 2055 (internal quotation marks and citation omitted) (emphasis added).

In a report and recommendation issued on June 23, 2020, the Magistrate Judge recommended rejecting Plaintiff's arguments and affirming the Commissioner's decision. (ECF No. 19.)  In recommending that Plaintiff's Appointments Clause challenge be denied, the Magistrate Judge noted that "most post-*Lucia* decisions have rejected the argument that *Sims*[1] or some other rationale absolves the claimant's failure to raise the Appointments Clause at the agency level."  (*Id.* at PageID.1511.)  Plaintiff objected to the report and recommendation, and Defendant responded to those objections.  (ECF Nos. 20, 21.)

---

[1] In *Sims v. Apfel*, 530 U.S. 103 (2000), the Supreme Court held that claimants do not need to exhaust issues before the Appeals Council to obtain judicial review of those claims, *id.* at 112, but explicitly noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us," *id.* at 107.

2

The Magistrate Judge's report and recommendation was still pending before this Court when on September 1, 2020, the Sixth Circuit, in a 2-1 decision, held that a social security claimant does not forfeit an Appointments Clause challenge by failing to raise it at the administrative level.  *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 547 (6th Cir. 2020).  In its decision, the Sixth Circuit noted that the Third Circuit had held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings, *see Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020), while the Tenth and Eighth Circuits had disagreed, *see Carr v. Comm'r of Soc. Sec.*, 961 F.3d 1267, 1276 (10th Cir. 2020), and *Davis v. Comm'r of Soc. Sec.*, 963 F.3d 790, 795 (8th Cir. 2020), but ultimately found *Cirko* the most persuasive opinion.  *See Ramsey*, 973 F.3d at 540.  Following the Sixth Circuit's decision, Defendant moved to stay this case until completion of the appellate proceedings, and the Court granted that motion.  (ECF Nos. 22, 23.)  On April 22, 2021, the Supreme Court resolved the circuit split, holding that a social security claimant may raise an Appointments Clause challenge for the first time in federal court.  *See Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021).  Following the Supreme Court's decision in *Carr*, the parties stipulated to remand this case for a new hearing before a different ALJ, and judgment was entered.  (ECF Nos. 27, 28.)  Plaintiff now moves this Court for an award of $8,566.87 in attorney fees.

II.     **Legal Standard**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

The question of whether the position of the United States was "substantially justified" is answered with regard to not only the civil action, but also the administrative decision upon which the civil action is based. *See* § 2412(d)(2)(D). Substantial justification under the EAJA is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the position must have had a "reasonable basis both in law and fact." *Id.* This means "more than merely undeserving of sanctions for frivolousness," *id.* at 566, "[b]ut a position can be justified even though it is not correct," *id.* at 566 n.2. Defendant bears the burden of proving that a given position was substantially justified. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014).

### III. Analysis

Defendant does not dispute that Plaintiff is a prevailing party in this matter. Defendant argues, however, that Plaintiff is not entitled to attorney fees because Defendant's position was substantially justified. The Court agrees.[2]

When considering whether a position is substantially justified, courts "focus on the merits of that position," but "objective indicia of reasonableness—such as a dissenting opinion, the views of other courts, a string of losses, or a string of successes—may be relevant" to this inquiry as well. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal quotation marks and citations omitted). Ultimately, courts must "distinguish between cases in which the government lost because it vainly pressed a

---

[2] Because the Court resolves the question of substantial justification in favor of Defendant, it need not address whether there are special circumstances that would make an award of fees unjust or whether the fees requested are reasonable.

4

position flatly at odds with the controlling case law and cases in which the government lost because an unsettled question was resolved unfavorably." *Id.* at 564 (internal quotation marks and citations omitted).

As a threshold matter, the Court notes the issue here is whether Defendant was substantially justified in arguing Plaintiff forfeited his Appointments Clause challenge by failing to raise it at the administrative level.[3] Thus, Plaintiff's arguments regarding the merits of the underlying challenge and the appointment of the ALJ in this case are inapposite.

Plaintiff did not claim at any point during the administrative process that the ALJ was not properly appointed. Because Defendant did not have an obligation to raise the issue sua sponte, Defendant acted reasonably at the administrative level.[4] With regard to Defendant's litigation position, at the time Defendant raised the forfeiture argument before this Court, neither the Sixth Circuit nor the Supreme Court had ruled on the issue of whether an Appointments Clause challenge must be raised before the ALJ and numerous lower courts had made rulings consistent with Defendant's position. (*See* ECF No. 19, PageID.1511.) And while the Sixth Circuit eventually ruled in favor of Plaintiff's position, it did so over Judge Siler's dissent. *See Ramsey*, 973 F.3d at 547-48. Also, both the Tenth and Eighth Circuits issued decisions agreeing with Defendant's argument

---

[3] The issue of whether Defendant was substantially justified in defending the underlying decision is not before the Court. As Defendant notes, the Magistrate Judge recommended affirming the ALJ's decision. (ECF No. 19.) And Plaintiff does not raise any arguments regarding the merits of the decision here.

[4] Courts have found Defendant's position in declining to raise the issue sua sponte at the administrative level substantially justified even where the matter was still pending before the Appeals Council when *Lucia* was issued, as was the case here. *See Lenz v. Saul*, No. 19-489, 2021 U.S. Dist. LEXIS 114186, at *8-9 (W.D. Pa. June 18, 2021).

that a plaintiff forfeits an Appointments Clause challenge not raised at the administrative level.  *See Carr*, 961 F.3d at 1276; *Davis*, 963 F.3d at 795.  This "string of successes," the dissent from the Sixth Circuit, and the views of a majority of district courts all support a finding this was a case in which the government lost because an unsettled question of law was resolved unfavorably.  *See Griffith*, 987 F.3d at 563.  Numerous other courts, including in this circuit, have similarly found Defendant's position substantially justified.  *See, e.g.*, E.D. Mich. No. 18-11042, ECF Nos. 48, 51; *Rager v. Saul*, No. 1:19-CV-00140-H, 2021 U.S. Dist. LEXIS 20566, at *10 (W.D. Ky. Feb. 2, 2021); *Rich v. Comm'r of Soc. Sec.*, 477 F. Supp. 3d 388, 398-99 (E.D. Pa. 2020).  Because Defendant's position was substantially justified, Plaintiff is not entitled to attorney fees under the EAJA.

**IV.   Conclusion**

For the foregoing reasons, Plaintiff's motion for attorney fees is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 10, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager