UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW S., | Case No. 2:19-cv-11663 |
| *Plaintiff,* | Nancy G. Edmunds<br>United States District Judge |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

## ORDER DIRECTING PLAINTIFF'S COUNSEL TO SUPPLEMENT HIS PENDING MOTION FOR ATTORNEY FEES (ECF No. 33)

This is a social security case. Before the Court is Plaintiff's counsel's motion for attorney fees under 42 U.S.C. § 406(b) (ECF No. 33), which has been referred to the Undersigned (ECF No. 35). Counsel has previously moved for and been denied fees under the Equal Access to Justice Act. (ECF No. 32). When retaining counsel, Plaintiff signed a contingency fee agreement providing that he would pay counsel a fee comprising of 25% of any past-due benefits that he received from the Social Security Administration. (ECF No. 33-2, PageID.1609).

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002), the Supreme Court held "that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." The Supreme Court approvingly detailed the following

1

considerations as ones that a district court may use when making a reasonableness determination:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, *the court may require the claimant's attorney to submit*, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, *a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases*. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

*Id.* at 808 (internal citations omitted) (emphasis added).

After reviewing the motion and the Commissioner's response to the same, the Court has determined that it needs additional information before it can grant the motion. Accordingly, Plaintiff's counsel is hereby **ORDERED** to file on the docket a record of the hours spent representing Plaintiff in this Court as well as an affidavit stating counsel's normal hourly billing rate for noncontingent-fee cases by **April 22, 2025**. *See id.*

**IT IS SO ORDERED.**

Date: April 8, 2025

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge